IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| TRACEY HARRIS COOMER,<br>Institutional ID No. 1473063,<br><br>Plaintiff,<br>v.<br><br>JANE DOE # 2489, *et al.*,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:21-CV-213-BQ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Proceeding pro se and *in forma pauperis*, Tracey Harris Coomer filed this action under 42 U.S.C. § 1983 alleging violations of his constitutional rights while confined at the Texas Department of Criminal Justice (TDCJ) Preston E. Smith Unit (Smith Unit). ECF No. 1. Coomer seeks monetary damages, court costs, and the imposition of criminal charges. Am. Compl. 7, ECF No. 15.[1]

Coomer signed his original Complaint on September 30, 2021. Compl. 6, ECF No. 1 (docketed Oct. 5, 2021). The United States District Judge subsequently transferred this action to the undersigned United States Magistrate Judge to conduct preliminary screening in accordance with 28 U.S.C. §§ 1915 and 1915A. ECF No. 7. The undersigned thereafter reviewed Coomer's Complaint, as well as authenticated records provided by TDCJ, and ordered Coomer to complete a questionnaire pursuant to *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976), which he timely completed and returned. ECF Nos. 9, 10, 11, 12. Coomer then filed his operative Amended Complaint. ECF No. 15.

---

[1] Page citations to Coomer's pleadings refer to the electronic page number assigned by the Court's electronic filing system.

All parties have not consented to proceed before a magistrate judge. In accordance with the order of transfer, the undersigned makes the following findings, conclusions, and recommendation. Having considered Coomer's Amended Complaint and questionnaire responses, authenticated records provided by TDCJ, and applicable law, the undersigned recommends the United States District Judge dismiss this action.[2]

## I. Standard of Review

A court must dismiss a complaint filed by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2017); *see also* 28 U.S.C. § 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire are incorporated into the plaintiff's pleadings); *Banuelos v.*

---

[2] On May 5, 2022, Coomer filed a self-titled "Advisory to the Court," which the undersigned construes as a motion to stay all proceedings in this case for an indefinite amount of time while Coomer recovers from surgery. ECF No. 19. Coomer so moves because he "will not have access to courts/law library or his legal materials" while undergoing surgery and during his recovery. *Id.* at 1. Because the Court needs no further filings from Coomer to conclude screening under §§ 1915 and 1915A, the undersigned recommends the district judge deny Coomer's motion.

*McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (per curiam) (holding that courts may dismiss prisoners' *in forma pauperis* claims as frivolous based on "medical and other prison records if they are adequately identified or authenticated" (internal quotations omitted)).

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). And while courts hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## II. Discussion

### A. Factual Allegations and Authenticated Records

Coomer asserts claims against six Defendants: (1) Unit Grievance Investigator (UGI) L. Brown;[3] (2) Assistant Warden Robert Gutierrez; (3) Huntsville Grievance Investigator (HGI) M. Lewandowski; (4) TDCJ Executive Director Bryan Collier;[4] (5) Property Officer Garces; and (6) UGI T. Riemer. Am. Compl. 5–6; *see also* ECF No. 14 (denying in part Coomer's motion to amend his complaint insofar as he adds four Defendants not listed here).

Coomer alleges Defendants violated the Constitution by depriving him of certain property shipped during his transfer from the TDCJ Dalhart Unit to the Smith Unit in April 2019. Am.

---

[3] Coomer originally identified his first Defendant as "Jane Doe #2489, [UGI]." Compl. 4–5. Based on a review of authenticated records, the Court asked if UGI L. Brown was the official Coomer intended to name as Jane Doe #2489, to which he replied "If UGI L. Brown's UGI # is 2489, then 'Yes.'" Questionnaire 2, ECF No. 12. In his Amended Complaint, Coomer replaces Jane Doe #2489 with L. Brown as his first defendant and alleges the same facts against her. *Compare* Am. Compl. 1, 5, 7, *with* Compl. 4. The Court therefore interprets Coomer's inclusion of L. Brown as his identification of Jane Doe #2489 and uses Coomer's questionnaire responses regarding Jane Doe #2489 to analyze Coomer's claims against UGI Brown.

[4] Coomer spells Defendant Collier's first name as both "Bryan" and "Bryen" throughout his pleadings. *See, e.g.*, Am. Compl. 2 (Bryan), 5 (Bryen). The Court defers to Coomer's primary spelling: Bryan.

3

Compl. 5–7; *see* Questionnaire 1. Specifically, Coomer contends that on April 3, 2019, he packed his personal belongings into "7 red chain bags" at the Dalhart Unit, and TDCJ subsequently placed Coomer's red chain bags into boxes for shipment. Am. Compl. 7; Questionnaire 1–2. According to Coomer, however, only six of the seven bags arrived at the Smith Unit on April 20, 2019. Am. Compl. 7; Questionnaire 1. On April 26, 2019, Property Officer Garces delivered four boxes to Coomer, containing six bags and Coomer's typewriter, leaving "1 red chain bag unaccounted for." Am. Compl. 7. Because Coomer had not received all his property, he refused to sign the PROP-5 inventory sheet indicating that he had. *Id.*[5] Coomer thereafter filed Step 1 and Step 2 grievances requesting return of his missing bag or compensation for its contents, to no avail. *Id.*; *see* Questionnaire 1; *supra* note 5.

Coomer asserts two primary claims. First, he alleges all Defendants deprived him of property, including food items, envelopes, a mirror, a book, a "legal folder," and a "personal copy of [a §] 1983 civil action," by failing to return the lost bag. Questionnaire 5; *see* Am. Compl. 5–7. Through his questionnaire responses, Coomer contends the purported property deprivation violated his "Fifth [Amendment] right not to be deprived of property without due process." Questionnaire 3; *see also id.* at 4. The Court liberally construes Coomer's questionnaire responses as also alleging a violation of his right to access the courts through the loss of his copy of a § 1983 action. *See id.* at 5.

In his second claim, Coomer alleges Defendants failed to provide him adequate relief through the prison grievance system. *See id.* at 2–5. According to Coomer, Defendants violated

---

[5] Coomer maintains that Officer Garces "wrote 'Refused to sign' on Sec. III line B" of the inventory sheet (Am. Compl. 7)—i.e., the "Offender Signature" line confirming the items listed on the sheet were returned to Coomer upon arrival. The authenticated records, however, include grievance responses in which TDCJ officials assert that "[a]n investigation was conducted into [Coomer's] property concern," and "[r]ecords reveal [Coomer] signed the Section III line B for [his] property on 4/20/19." Despite this contradiction, the Court construes Coomer's well-pleaded factual allegations as true at this stage. *Chhim*, 836 F.3d at 469.

his First Amendment right to "redress issue grieved," his Fifth Amendment property rights by perpetuating the alleged deprivation, his Sixth Amendment right to receive an impartial hearing and confront witnesses, and his Fourteenth Amendment right to due process and "equal protection of the laws where deprivation of property is substantiated by the facts." *Id.* at 3; *see also id.* at 4.

Coomer argues that if the Court should find his claims are barred by the statute of limitations, the statute should be tolled for the period during which he pursued and exhausted his administrative grievances. *Id.* at 7. Thus, the following dates are important to the Court's analysis: Officer Garces delivered Coomer's property, except for the missing bag, on April 26, 2019. Am. Compl. 7. Coomer filed a Step 1 grievance with Smith Unit officials regarding his missing bag on May 9, 2019, and UGI Brown subsequently investigated his complaint. Questionnaire 2. Assistant Warden Gutierrez sent a Step 1 response on June 19, indicating TDCJ would take no further action regarding the missing property. *See id.* Coomer thereafter filed a Step 2 grievance on July 1, 2019,[6] requesting that Smith Unit officials "overturn the denial [of his Step 1 grievance] and replace [his] property." *Id.* at 3. HGI Lewandowski sent Coomer a Step 2 response on September 17, 2019, which Coomer contends he did not receive until October 4, 2019, again declining to take any further action. *Id.* at 4. According to the authenticated records, Coomer filed another Step 1 grievance on October 17, 2019, in essence appealing Defendants' previous responses, which UGI Riemer subsequently dismissed as redundant. *See also* Am. Compl. 7 ("[UGI] Riemer impeded identities to lawsuit and refused to allow Plaintiff to redress falsified/fabricated respones [sic] on Step 1 grievance.").

---

[6] According to the authenticated records, Coomer mistakenly dated his grievance June 31, 2019 ("Thirty days hath September, April, June and November."). The grievance office dated the grievance as received on July 1, 2019, and the Court uses this date in its analysis.

As relief for his claims, Coomer seeks actual, compensatory, punitive, and "[d]eclaratory" damages and costs, as well as "charges filed for the act of falsifying/fabricating State documents." *Id.*

### B. Coomer seeks relief that is unavailable in a § 1983 action.

*1. Coomer cannot recover monetary damages against Defendants in their official capacities.*

Coomer does not specify whether he is suing Defendants in their individual or official capacities. *Id.* To the extent Coomer seeks monetary relief against Defendants in their official capacities, such relief is unavailable under § 1983. A suit against Defendants in their official capacities is simply another way of stating a claim against TDCJ, and therefore the State of Texas. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State."). It is well established that suits for monetary damages against state officials in their official capacities are barred both by state sovereign immunity and the Eleventh Amendment, and therefore cannot succeed under § 1983. *See Almond v. Tarver*, 468 F. Supp. 2d 886, 892–95 (E.D. Tex. 2006) (collecting authorities and holding that claim against state official in his official capacity was barred by sovereign and Eleventh Amendment immunities); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) ("As an instrumentality of the state, the TDCJ[] is immune from a suit for money damages under the Eleventh Amendment."). Thus, any claim for monetary damages against Defendants in their official capacities should be dismissed.[7]

---

[7] An additional basis for dismissal of these claims is that neither a state nor its officials acting in their official capacities are "persons" under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989).

    *2. Section 1983 does not authorize the Court to impose criminal charges as relief in a civil-rights action.*

Coomer requests that the Court file criminal charges against the named Defendants "for the act of falsifying/fabricating State documents"—i.e., his grievance responses. Am. Compl. 7. Coomer possesses no constitutional right to have someone criminally prosecuted, and he cannot enforce criminal statutes through a civil request for relief. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (stating that there is no "constitutional right to have someone criminally prosecuted"); *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 626 (N.D. Tex. 2007) ("Simply, a private citizen cannot enforce criminal statutes in a civil action."). Accordingly, the district judge should dismiss Coomer's request to initiate criminal charges.

  **C. Coomer's property-deprivation claims are barred by the statute of limitations.**

    *1. Coomer learned of facts that could ultimately support a claim for property deprivation more than two years before filing suit.*

Generally, a plaintiff's § 1983 claim is subject to the statute of limitations prescribed for tort claims in the state where the district court sits. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Because Coomer has filed suit in Texas, he has two years from the date he learns of facts giving rise to his § 1983 claim to pursue that claim in federal court. *Id.*; *Meyer v. Coffey*, 231 F. Supp. 3d 137, 145–46 (N.D. Tex. 2017); *see* Tex. Civ. Prac. & Rem. Code § 16.003. "A plaintiff need not know that [he] has a legal cause of action; [he] need know only the facts that would ultimately support a claim." *Piotrowski*, 237 F.3d at 576.

Coomer's claims accrued more than two years ago, and therefore fall outside the statute of limitations for § 1983 claims. Coomer states that Officer Garces delivered all his property, except for the missing bag, on April 26, 2019. Am. Compl. 7. Thus, Coomer learned of facts that could "ultimately support a claim" of property deprivation over two years prior to the date he filed his

suit—September 30, 2021.[8] *Piotrowski*, 237 F.3d at 576. Under these facts, Coomer's property-deprivation claim is *per se* barred by the statute of limitations. *Id.*

> 2. *Even if the Court tolls the statute of limitations during the time Coomer exhausted his administrative remedies, his suit is still time barred.*

Coomer filed Step 1 and 2 grievances regarding his missing bag on May 9 and July 1, 2019, respectively. *See* Questionnaire 2–3. HGI Lewandowski signed the Step 2 response on September 17, 2019. *See id.* at 4. Though Coomer argues that he did not receive the Step 2 response until October 4, 2019 (*see id.*), and thus less than two years before he filed suit, this argument is irrelevant. "There is no 'mailbox rule' applicable to prison grievances, and so the time during which the limitations period is tolled is the time during which the grievance is pending, which is the time between the filing of the Step One grievance, and the date of the Step Two answer." *Welch v. Doe*, No. 6:09CV276, 2009 WL 3335009, at *2 (E.D. Tex. Oct. 13, 2009). Thus, Coomer's grievances may only toll the statute of limitations, at best,[9] until September 17, 2021—the date HGI Lewandowski answered Coomer's grievance and thirteen days before Coomer signed his Complaint. *See id.* ("Even assuming that this grievance does serve to exhaust administrative remedies, however, the Magistrate Judge correctly concluded that the limitations period expired even when the time during which this grievance was pending is tolled.").

To the extent that Coomer asserts UGI Riemer's dismissal of his "appellate" grievance, dated October 2019, should toll the statute, his argument similarly fails. Authenticated records

---

[8] Under the "prison mailbox rule," courts consider an inmate's *pro se* pleading filed when it is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1988); *see Darby v. Dall. Cnty. Sheriff*, No. 3:06CV1928-K(BH), 2007 WL 2428582, at *3 (N.D. Tex. Aug. 24, 2007) (deeming plaintiff's complaint filed on the date he signed it). Coomer dated both his Complaint and the letter sending his Complaint to the clerk for filing September 30, 2021. ECF No. 1, at 6, 7.

[9] The Court has given Coomer the maximum benefit of tolling by using this date—rather than calculating only the number of days his grievance was pending—and adding that to April 26, 2019, Coomer has received a more generous bar date by the Court simply crediting *all* the days (including those prior to Coomer filing the grievance) between April 26 and the date TDCJ answered his grievance, i.e., September 17.

indicate that UGI Riemer returned Coomer's grievance unprocessed because of its redundancy and resulting failure to meet the prison's procedural standards.[10] "Grievances which are returned unprocessed for procedural violations do not serve to exhaust a prisoner's administrative remedies." *Williams v. Morrison*, No. 6:14CV884, 2016 WL 11474084, at *4 (E.D. Tex. July 18, 2016) (citing *Woodford v. Ngo*, 548 U.S. 81, 89 (2006)), *R. & R. adopted by* 2016 WL 4577823 (E.D. Tex. Sept. 2, 2016). Moreover, "[a] prisoner's claim that prison officials improperly processed his grievance also does not excuse the exhaustion requirement." *Id.* (citing *Taylor v. Burns*, 371 F. App'x 479 (5th Cir. 2010) (per curiam)) ("[Grievance that] was returned unprocessed and not appealed to Step Two[] did not serve to exhaust [plaintiff's] administrative remedies."). Thus, Coomer fails to establish that his property-deprivation claim is not barred by the statute of limitations.

> 3. *Coomer's purported discovery of missing legal papers does not delay accrual of his property-deprivation claims.*

Coomer alleges that the missing red chain bag contained, among other things, a "personal copy of [a §] 1983 action" and a "legal folder," but he "[d]id not learn of this loss" until June 19, 2020. Questionnaire 5. Coomer's contention does not delay the accrual of his claim because he acknowledges that he became aware that his bag and its contents were missing on April 26, 2019. *See* Am. Compl. 7. For a § 1983 claim to accrue, "[a] plaintiff need not know that [he] has a legal cause of action; [he] need know only the facts that would ultimately support a claim." *Piotrowski*, 237 F.3d at 576. Thus, "if the plaintiff knows of the injury and the connection between the injury and the defendant's actions, or if the circumstances would lead a reasonable person to investigate

---

[10] Specifically, UGI Riemer selected boxes on the response form indicating Coomer's grievance presented an issue that was "[r]edundant" and "not grievable," referring Coomer to his previously answered Step 2 grievance. The records also include TDCJ's "Instructions on How to Write and Submit Grievances," informing prisoners they "may not repeatedly grieve matters already addressed in a previous grievance."

the matter further, then the cause of action has accrued." *Mejia v. Unknown Officers*, No. 97-30663, 1999 WL 25028, at *1 (5th Cir. Jan. 6, 1999).

Here, Coomer learned of the deprivation of the contents of his missing bag, including the alleged deprivation of his legal papers, more than two years before filing suit. *See* Am. Compl. 7. Coomer's failure to investigate the extent of this injury does not delay his claim's accrual with respect to the statute of limitations. *See Armstrong v. Sheriff's Off. Morehouse Par.*, No. 3:20-CV-00974, 2020 WL 7700608, at *7 (W.D. La. Dec. 11, 2020) ("[P]laintiff's claim for unlawful search and seizure accrued by [the date] when he stated that all of the property at issue was seized."), *R. & R. adopted by* 2020 WL 7701491 (W.D. La. Dec. 28, 2020); *Roberson v. Earle*, 378 F. App'x 396, 397 (5th Cir. 2010) (per curiam) (rejecting plaintiff's argument that property seizure was a continuing tort, instead determining seizure "was a single act and its continued retention was merely an 'ill effect' of the original act"); *see also Ward v. Choate*, No. 6:17-CV-105-JDK-KNM, 2020 WL 6937734, at *2 (E.D. Tex. Nov. 24, 2020) (dismissing action as untimely where plaintiff notified jail personnel of tumor that, two years later, developed into cancer requiring major surgery, because "[p]laintiff was aware of his injury—even if he did not understand the full extent of those injuries—well before his" visit learning of the need for surgery). Thus, it is clear from the face of Coomer's Amended Complaint that his property-deprivation claim accrued more than two years prior to the date he filed this action, and Coomer's claim should be dismissed.

### D. Even if Coomer's property-deprivation claims were not time-barred, Coomer fails to state a constitutional violation.

#### 1. Coomer's allegations that Defendants deprived him of legal papers fails to state a constitutional violation.

Coomer alleges that Defendants deprived him of a "legal folder" and a "personal copy of [a §] 1983 civil action" (Questionnaire 5), which the undersigned construes as an access-to-courts

claim. The Court notes initially that plaintiffs generally have a constitutional right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 741 (1983) ("[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances."). This right flows from the First Amendment, as well as the Fifth and Fourteenth Amendment's due process clauses. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam).

There is not, however, a "freestanding right" to access the courts. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (requiring allegation of actual injury). Indeed, to prevail on an access-to-courts claim, a prisoner must demonstrate prejudice or harm by showing that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered by the defendant's actions. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Johnson v. Rodriguez*, 110 F.3d 299, 310–11 (5th Cir. 1997); *Bohannan v. Griffin*, No. 4:11-CV-299-A, 2016 WL 3647625, at *13 (N.D. Tex. June 30, 2016) (citing *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996)). That is, Coomer must plead facts demonstrating "an actual injury arising from this purported denial." *Day v. Seiler*, 560 F. App'x 316, 319 (5th Cir. 2014) (per curiam). Notably, "[t]he 'injury requirement is not satisfied by just any type of frustrated legal claim.'" *Foreman v. Bowles*, No. 3:01-CV-2117-G, 2003 WL 21730136, at *3 (N.D. Tex. Mar. 31, 2003) (quoting *Lewis*, 518 U.S. at 353). Instead, Coomer "must demonstrate that the lack of access has prevented him from filing or caused him to lose a pending case that attacks either his conviction or seeks to vindicate basic constitutional rights in a civil rights action under . . . § 1983." *Id.* (internal quotation marks and citation omitted).

Coomer does not specify any harm caused by the alleged deprivation of a "personal copy" of his unidentified § 1983 action. *See* Questionnaire 5. Specifically, Coomer fails to allege that Defendants hindered his ability to pursue a nonfrivolous, arguable legal claim. *See Christopher*,

11

536 U.S. at 415. This failure is fatal to his claim. *Day*, 560 F. App'x at 319; *Foreman*, 2003 WL 21730136, at *3. Accordingly, Coomer's access-to-courts claim arising from the purported loss of legal papers should be dismissed.

> 2. *Coomer similarly fails to state a cognizable constitutional violation in his claim that Defendants deprived him of personal property.*

Coomer alleges that Defendants deprived him of personal property by failing to deliver one red chain bag following his transfer from a previous prison unit containing food, a mirror, and a book. Am. Compl. 7; Questionnaire 5 (listing missing items). Coomer accedes, however, that he does not believe the Smith Unit has a policy of depriving inmates of property shipped from other prison facilities. Questionnaire 5.

An official's actions—whether negligent or intentional—that result in a loss of property give rise to a state tort action rather than a federal civil rights claim. Indeed, a state actor's negligence that results in an unintentional loss of property does not violate the Constitution. *See Simmons v. Poppell*, 837 F.2d 1243, 1244 (5th Cir. 1988) (per curiam); *see also Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995) (concluding negligence is not actionable under § 1983); *Finley v. Garcia*, No. 5:17-CV-00198-C, 2017 WL 11519122, at *1 (N.D. Tex. Sept. 15, 2017) (citation omitted) ("Section 1983 is not a general tort statute and a claim of negligence will not support a federal civil rights action."). Here, Coomer's pleadings seemingly assert a claim for negligence as an alternative theory to intentional deprivation. *See, e.g.*, Am. Compl. 7 (alleging Defendants either lost or stole his personal property). To the extent Coomer intends to allege that Defendants' negligence deprived him of his personal property, the district judge should dismiss his claim. *See, e.g., Strouse v. Karl*, No. 4:09cv640, 2011 WL 4591952, at *9 (E.D. Tex. Aug. 26, 2011) (dismissing claim where inmate's "allegation that [defendant] lost certain items of [property]

merely accuse[d] [defendant] of negligence"), *R. & R. adopted by* 2011 WL 4591943 (E.D. Tex. Sept. 30, 2011).

Similarly, an intentional deprivation of personal property does not state a viable constitutional claim if the prisoner has access to an adequate post-deprivation state remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Stauffer v. Gearhart*, 741 F.3d 574, 583 (5th Cir. 2014) (per curiam) (citations omitted) ("An inmate's allegation that his personal property was lost, confiscated, or damaged does not state a claim under 42 U.S.C. § 1983, even when prison officials acted intentionally."). Here, the State of Texas provides an adequate post-deprivation remedy for persons asserting claims such as those raised herein by Coomer—the filing of a lawsuit for conversion in state court. *See, e.g., Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994). Assuming, without finding, that Defendants wrongfully lost or confiscated Coomer's property, as alleged, Coomer may have a cause of action in state court; however, he cannot pursue a federal constitutional claim. *See, e.g., Perez v. Tanner*, No. 3:17-cv-2846-N-BN, 2017 WL 7000283, at *4 (N.D. Tex. Dec. 22, 2017) (dismissing due process claim alleging the destruction of inmate's property because he had a state remedy), *R. & R. adopted by* 2018 WL 501601 (N.D. Tex. Jan. 19, 2018); *Parker v. Carter*, No. H–13–0365, 2013 WL 3157913, at *2 (S.D. Tex. June 20, 2013) ("There is no legal basis to a prison inmate's claim that his due process rights were violated when" defendants "seized or destroyed his photographs."); *Hall v. St. Tammany Par.*, No. 10–1872, 2010 WL 5558910, at *6–8 (E.D. La. Dec. 21, 2010) (finding that detainee could not state a constitutional claim based on the deprivation of personal property because the state provided an adequate remedy), *R. & R. adopted by* 2011 WL 63662 (E.D. La. Jan. 6, 2011).

In sum, Coomer cannot raise a constitutional claim based on Defendants' alleged failure to deliver his personal property. Accordingly, Coomer's property-deprivation claim should be

dismissed. *See Cole v. Lafayette Par. Sheriff's Off.*, No. 10-0109, 2010 WL 2944436 (W.D. La. June 2, 2010) ("[T]he deprivation of [property] as alleged by the plaintiff, whether negligent or intentional is not actionable in this civil rights complaint because [state] law provides plaintiff with his remedy."), *R. & R. adopted by* 2010 WL 2952086 (W.D. La. July 22, 2010).

### E. Coomer pleads no facts plausibly demonstrating that Defendants violated his constitutional rights under the First, Fifth, Sixth, and Fourteenth Amendments.

Coomer alleges that Defendants deprived him of adequate prison grievance procedures in violation of the First, Fifth, Sixth, and Fourteenth Amendments. Questionnaire 2–4; *see* Am. Compl. 7. Specifically, Coomer contends that Defendants violated his First Amendment right "to redress the issue grieved of one (1) [missing] red chain bag . . . , which denied [his] Fifth [Amendment] right not to be deprived of [his] property without due process," and "[t]hus denied [his] Sixth [Amendment] right to [an] impartial hearing' and his Fourteenth Amendment right to due process and equal protection of the laws "where deprivation of property has in fact occurred." Questionnaire 4; *see id.* at 2–4.

Coomer's claim fails because a prisoner has no constitutional right to have grievances resolved to his satisfaction. *See Aron v. Green*, No. 4:14–CV–109–A, 2014 WL 1917543, at *2 (N.D. Tex. May 12, 2014) ("Denying plaintiff's grievances, or failing to resolve them in the manner preferred by plaintiff, is not a violation of plaintiff's constitutional rights."); *see also Morris v. Cross*, 476 F. App'x 783, 785 (5th Cir. 2012) (rejecting appellant's claim that prison official's failure to conduct an adequate investigation into his grievance implicated due process concerns "because [appellant] lacks a protected interest in a favorable resolution to his grievances"); *Geiger*, 404 F.3d at 374 ("[A]ny alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."). Moreover, as discussed above, Coomer does receive legal protection against property deprivation under state tort law.

For these reasons, Coomer's claim that Defendants violated his First, Fifth, Sixth, and Fourteenth Amendment rights by failing to provide him adequate grievance procedures should be dismissed.

### F. Even if Coomer has raised a viable claim, he may not recover monetary damages under the PLRA.

Coomer seeks monetary damages. Am. Compl. 7. Under the Prison Litigation Reform Act (PLRA), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e); *Kingsley v. Hendrickson*, 576 U.S. 389, 402 (2015) (recognizing that the PLRA "applies to both pretrial detainees and convicted prisoners"). The Fifth Circuit has held that this personal injury requirement "applies to all federal civil actions in which a prisoner alleges a constitutional violation," including First Amendment claims. *Geiger*, 404 F.3d at 375 (barring a First Amendment mail tampering claim). The application of § 1997e(e) is based on "the relief sought, and not the underlying substantive violation." *Id.*; *see Mayfield v. Tex. Dep't of Crim. Just.*, 529 F.3d 599, 605 (5th Cir. 2008) (citation omitted) ("We have held that the application of [§ 1997e(e)] . . . turns on the relief sought by a prisoner, and that it prevents prisoners from seeking compensatory damages for violations of federal law where no physical injury is alleged."). Coomer does not contend that he suffered any physical injury as a result of his missing property or inadequate prison grievance procedures. *See* Am. Compl. 7; Questionnaire 1–7. Accordingly, even if Coomer had pleaded facts demonstrating a violation of his constitutional rights, any claim for money damages would be barred.

### III. Recommendation

For these reasons, the undersigned recommends that the United States District Judge dismiss with prejudice all claims against all Defendants for failure to state a claim, in accordance with 28 U.S.C. §§ 1915 and 1915A. Further, for the reasons discussed *supra* note 2, the undersigned recommends that the United States District Judge deny Coomer's motion to stay proceedings. ECF No. 19.

### IV. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated: May 25, 2022.

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE