UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

TRACEY HARRIS COOMER,
Institutional ID No. 01473063,

        Plaintiff,

v.

No. 5:21-CV-00213-H

JANE DOE # 2489, *et al.*,

        Defendants.

**ORDER ACCEPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation that this case be dismissed with prejudice for failure to state claim under 28 U.S.C. §§ 1915 and 1915A. Plaintiff filed objections.

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). In contrast, the district judge reviews any unobjected-to findings, conclusions, and recommendations for plain error. The Court has examined the record and reviewed the unobjected-to portions of the FCR for plain error and, finding none, expressly accepts and adopts those portions of the Magistrate Judge's findings, conclusions, and recommendation.

Additionally, in light of Plaintiff's specific objections, the Court has conducted a de novo review of the relevant portions of the FCR and the record in this case. Many of Plaintiff's objections are either restatements of arguments made in his amended complaint and questionnaire responses, arguments thoroughly addressed by the FCR, mere disagreements with the Magistrate Judge's wording, or conclusory statements insisting that

his claims have merit.[1] The Court finds that the objections are overruled, and the Court accepts and adopts the findings, conclusions, and recommendation of the United States Magistrate Judge.[2]

The Court therefore orders:

1. Plaintiff's complaint is dismissed with prejudice for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2. Dismissal of this action does not release Plaintiff or the institution where she is incarcerated from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

3. This dismissal will count as a qualifying dismissal, or "strike," under 28 U.S.C. § 1915 and *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996). *See Lomax v. Ortiz-Marquez*, ___U.S.___, 140 S. Ct. 1721 (2020). Plaintiff is cautioned that if he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

4. All relief not expressly granted is denied, and any pending motions are denied.

5. Plaintiff is advised that if he appeals this order, he will be required to pay the appeal fee of $505.00 pursuant to the PLRA, and he must submit an application to proceed

---

[1] To the extent any portion of Plaintiff's objections seeks to assert new claims regarding incidents occurring at the Coffield Unit, the Court advises Plaintiff that he may not pursue those claims in this case. Rather, if he wishes to pursue those claims, he may file a new complaint in a procedurally correct manner in the proper venue.

[2] The Court notes that although the Magistrate Judge discussed the likelihood that Plaintiff's claims are barred by the statute of limitations, his claims fail in any event for the reasons stated in the FCR.

*in forma pauperis* and a 6-month certificate of inmate trust account at the same time he files his notice of appeal.

Judgment will be entered accordingly.

So ordered on March 22, 2023.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE